JOHN C. CRUDEN
Acting Assistant Attorney General
Environment & Natural Resources Division

JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
CLIFFORD E. STEVENS, JR., Trial Attorney (D.C. Bar # 463906)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, DC 20044-7369
Telephone: (202) 353-7548
Facsimile: (202) 305-0275
clifford.stevens@usdoj.gov

**Counsel for Defendants**

Melissa Gale Thrailkill (CA Bar # 256674)
Center for Biological Diversity
351 California Street, Ste. 600
San Francisco , CA 94104
Telephone: 415-436-9683x313
Facsimile: 415-436-9683
mthrailkill@biologicaldiversity.org

John T. Buse (CA Bar # 163156)
Center for Biological Diversity
5656 S. Dorchester #3
Chicago , IL 60637
Telephone: 323-533-4416
Facsimile: 610-885-2187
jbuse@biologicaldiversity.org

**Counsel for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> KEN SALAZAR, et al., ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> SAND CITY, CALIFORNIA and SAND ) <br> CITY REDEVELOPMENT AGENCY, ) | Case No. 3:08-cv-4594-PJH |

|  |  |
|---|---|
| Intervenor, | **STIPULATED SETTLEMENT AGREEMENT** |
| SECURITY NATIONAL GUARANTY, INC., | |
| Intervenor, | |
| FRIENDS OF OCEANO DUNES, INC. and OXFOOT ASSOCIATES, LLC, | |
| Intervenor. | |

This Settlement Agreement ("Agreement") is entered into by and between Plaintiff the Center for Biological Diversity ("Plaintiff") and Defendants Ken Salazar, Secretary of the United States Department of the Interior[1]/; Rowan Gould, Acting Director of the United States Fish and Wildlife Service[2]/; and United States Fish and Wildlife Service ("Service") (collectively, "Defendants").  Plaintiff and Defendants (referred to as "Parties" or "Party," as appropriate, for purposes of the Agreement), by and through their undersigned counsel, state as follows:

WHEREAS, on September 29, 2005, the Service published a final rule revising the designation of critical habitat for the Pacific Coast population of the western snowy plover under the Endangered Species Act ("ESA"), 16 U.S.C. § 1533 et seq. See 70 Fed. Reg. 56,970 (September 29, 2005) ("Final Rule");

WHEREAS, on August 28, 2007, Plaintiff sent the Service a 60-day notice of intent to sue with regard to the Final Rule;

WHEREAS, on October 2, 2008, Plaintiff filed a complaint for declaratory and injunctive relief in the U.S. District Court for the Northern District of California, challenging the Final Rule;

WHEREAS, on December 8, 2008, Defendants filed an answer to Plaintiff's complaint, denying that the Final Rule was unlawful;

WHEREAS, on January 27, 2009, the Court granted the motions to intervene of Intervenors

---

[1]/   Pursuant to Fed. R. Civ. P. 25(d), Ken Salazar is substituted as a defendant for Dirk Kempthorne.

[2]/   Pursuant to Fed. R. Civ. P. 25(d), Rowan Gould is substituted as a defendant for H. Dale Hall.

- 2 -

1  Sand City, Sand City Redevelopment Agency, Friends of Oceano Dunes, Inc., Oxfoot Associates,
2  LLC and Security National Guaranty, Inc.;
3      WHEREAS, the Parties, through their authorized representatives, and without any admission
4  or final adjudication of the issues of fact or law with respect to the Plaintiff's claims or the merits
5  of the Final Rule, have reached a settlement that they consider to be a just, fair, adequate, and
6  equitable resolution of the disputes set forth in Plaintiff's complaint;
7      WHEREAS, the Parties agree that settlement of this action in this manner is in the public
8  interest and is an appropriate way to resolve the dispute between them; and
9      WHEREAS, under the Court's March 16, 2009, order in this case, any Intervenor that
10 opposes the Agreement may file an opposition within 30 days of the filing of the Agreement, and
11 any responses to any oppositions will be due 20 days later;
12     NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN PLAINTIFF AND
13 DEFENDANTS AS FOLLOWS:
14     1.    The Service will conduct a rulemaking to consider potential revisions to the
15 designated critical habitat for the Pacific Coast population of the western snowy plover under
16 Sections 4(b)(2) and 4(a)(3)(B) of the ESA, according to the following schedule:
17         a.    on or before December 1, 2010, the Service will submit to the Federal
18 Register for publication a proposed regulation setting forth any proposed revisions to the critical
19 habitat; and
20         b.    on or before June 5, 2012, the Service will submit to the Federal Register for
21 publication a final determination on any proposed revisions to the critical habitat.
22     2.    The Parties may seek to modify the deadlines specified in Paragraph 1 for good cause
23 shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either
24 of the Parties believe that the other Party has failed to comply with any term or condition of this
25 Agreement, that Party shall use the dispute resolution procedures specified in Paragraph 3 below.
26     3.    The Order entering this Agreement may be modified by the Court upon good cause
27 shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the
28 Parties filed with and approved by the Court, or upon written motion filed by one of the Parties with

1 the Court. In the event that either of the Parties seeks to modify the terms of this Agreement,
2 including the deadlines for the actions specified in Paragraph 1, or in the event of a dispute between
3 the Parties arising out of or relating to this Agreement, or in the event that either of the Parties
4 believes that the other Party has failed to comply with any term or condition of this Agreement, the
5 Party seeking the modification, raising the dispute or seeking enforcement shall provide the other
6 Party with notice of the claim. The Parties agree that they will meet and confer (either
7 telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim
8 before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either
9 Party may seek relief from the Court.

10     4.     Defendants agree that Plaintiff is the "prevailing party" in this action, and agree to
11 pay Plaintiff's reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C.
12 § 1540 (g). Defendants therefore agree to settle all of Plaintiff's claims for costs and attorneys' fees
13 in this matter for a total of $13,500. A check will be made payable in that amount to Center for
14 Biological Diversity, P.O. Box 710, Tucson, AZ 85702-0710. Defendants agree to submit all
15 necessary paperwork for the processing of the attorneys' fee award to the Department of the
16 Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days
17 of receipt of the court order approving this Agreement.

18     5.     Plaintiff agrees to accept payment of $13,500 in full satisfaction of any and all claims
19 for attorneys' fees and costs of litigation to which Plaintiff is entitled in this matter through and
20 including the date of this Agreement.

21     6.     Plaintiff agrees that receipt of this payment from Defendants shall operate as a release
22 of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of
23 this Agreement.

24     7.     The Parties agree that Plaintiff reserves the right to seek additional fees and costs
25 incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to
26 modify the underlying schedule outlined in Paragraph 1 or for any other continuation of this action.
27 By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or
28 Plaintiff's counsel, including the hourly rate, in any future litigation or continuation of the present

action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

8. Subject to the qualifications in Paragraph 9, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

9. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. On this issue, Plaintiff asserts that this Agreement does not create a conflict with the Anti-Deficiency Act because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiff intends to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants reserve all legal and equitable defenses to any argument by Plaintiff that the Anti-Deficiency Act does not apply to non-discretionary duties required by the ESA.

10. Nothing in this Agreement may be cited by either party in connection with any other administrative or judicial proceeding in order to demonstrate acquiescence to the time deadlines provided in this Agreement or for any other reason.

11. The Parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the Parties. By entering into this Agreement, the Parties do not waive any claim or defense.

12. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

13. The terms of this Agreement constitute the entire agreement of the Parties with regard to Plaintiff's claims in the above-captioned case, and no statement, agreement or understanding, oral

or written, which is not contained herein, shall be recognized or enforced.

14. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

15. The Parties agree that any stipulation or motion seeking to modify this Agreement pursuant to Paragraphs 2 or 3 will be filed on the Court's electronic case management and filing ("CM/ECF") system.

16. Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Respectfully submitted,

JOHN C. CRUDEN

Acting Assistant Attorney General
Environment and Natural Resources Division

JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief

Dated: May 11, 2009        By: */s/ Clifford E. Stevens, Jr.*
                           CLIFFORD E. STEVENS, JR., Trial Attorney

                           Counsel for Defendants

Dated: May 11, 2009        By: */s/ John T. Buse*
                           JOHN T. BUSE
                           Center for Biological Diversity

                           Counsel for Plaintiff